UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No.  1:11-cr-0240-WTL-DKL |
| JUSTIN C. MANZ, | ) ) | - 01 |
| Defendant. | ) ) | |

### REPORT AND RECOMMENDATION

On August 2, 2016 and August 16, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 28, 2016.  Defendant Manz appeared in person with his appointed counsel Michael Donahoe.  The government appeared by Winfield Ong, Assistant United States Attorney.  U.S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Manz of his rights and ensured he had a copy of the petition.  Defendant Manz waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Manz admitted violations 1, and 2. [Docket No. 56.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."** |
| | On July 27, 2016, Mr. Manz absconded from Volunteers of America (VOA), where he was a resident. Prior to him absconding, the probation officer and supervisory probation officer made contact with the offender and informed him of this requirement to reside at the residential reentry center (RRC) and follow the rules of the facility. Mr. Manz acknowledged his understanding, but indicated he refused to reside at the RRC. Shortly thereafter, he walked out of the facility. His whereabouts is [*sic*] unknown. |
| 2 | **"The defendant shall pay any fine that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release."** |
| | As of the filing of this report, the offender has made no payments toward his $500 fine. |

4. The parties stipulated that:

    (a)  The highest grade of violation is a Grade C violation.

    (b)  Defendant's criminal history category is I.

    (c)  The range of imprisonment applicable upon revocation of supervised release; therefore, is 3 to 9 months' imprisonment.

5. The parties jointly recommended a sentence of 9 months at FMC Lexington or another Federal Bureau of Prisons medical facility with a care level 4 mental health facility, with no supervised release to follow. The parties also jointly recommended expedited designation by the Federal Bureau of Prisons in order to maximize the treatment that Defendant will receive.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and recommends that Defendant's supervised release be **REVOKED**, and that he be sentenced to the custody of the Attorney General or his designee for a period of 9 months with

no supervised release to follow.   The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Court further recommends that Defendant be placed at FMC Lexington or another Federal Bureau of Prisons medical facility with a care level 4 mental health facility.  The Court further requests that the Federal Bureau of Prisons expedite the designation of Defendant in order to maximize the treatment that Defendant will receive

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:  16 AUG 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal